UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SCOBEL MARINE, INC. | * | CIVIL ACTION NO. |
| | * | |
| | * | SECTION |
| VERSUS | * | |
| | * | JUDGE |
| BP PLC, BP EXPLORATION AND | * | |
| PRODUCTION, INC., BP AMERICA | * | MAG. JUDGE |
| PRODUCTION COMPANY, TRANSOCEAN, LTD. | | |
| TRANSOCEAN OFFSHORE | * | |
| DEEPWATER DRILLING, INC., | * | |
| TRANSOCEAN DEEPWATER, INC., | * | |
| TRANSOCEAN HOLDINGS, LLC, AND | * | |
| HALLIBURTON ENERGY SERVICES, LLC | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES UNDER THE OIL POLLUTION
ACT, 33 U.S.C. §2701, et seq. AND THE GENERAL MARITIME LAW COMPLAINT**

COMES NOW, through their undersigned counsel, Pursuant to Pre-Trial Order 60 in the MDL 2179 the PLAINTIFF, SCOBEL MARINE, INC. ("SCOBEL MARINE, INC.") and brings this action against the Defendants identified above and aver as follows: BP PLC, BP EXPLORATION AND PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, TRANSOCEAN, LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN HOLDINGS, LLC, AND HALLIBURTON ENERGY SERVICES, INC. Defendants herein, and for cause of action, would respectfully show unto the Court as follows.

1.

On or about April 20, 2010, the Deepwater Horizon drilling platform exploded and sank, causing a spill ("Oil Spill") of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in the United States history.

2.

Given the magnitude of the *Deepwater Horizon* oil spill, it is uncertain what its impact on the marine and coastal environments and the residents and businesses along the Gulf Coast will be. Therefore, Plaintiff reserves Plaintiff's rights in full to amend this Complaint by, among other things, adding new claims and new defendants. Plaintiff, SCOBEL MARINE, INC. ("SCOBEL MARINE, INC."), as suffered economic injury, damage, and/or losses as a direct and foreseeable result of the Oil Spill.

3.

Plaintiff brings this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff SCOBEL MARINE, INC. ("SCOBEL MARINE, INC.") is a Business Corporation in Louisiana.  Plaintiff claims damages as set forth below. The Plaintiff's claims are adopted and incorporated as if set out in full. (*See* Exhibit "A," Sworn Statement for Disclosures Regarding Remaining Non-Governmental Economic Loss and Property Damage Claims and Plaintiff's PPA Presentment).

5.

In filing this Complaint, Plaintiff hereby asserts by adoption and reference a claim in the Complaint and Petition of Triton Asset Leasing GmbH, et al, No. 10-2771; adopts and incorporates the Master Answer [Rec. Doc. 244] to the Complaint and Petition of Triton Asset Leasing GmbH, et al in No. 10-2771; and intervenes into, joins and otherwise adopts the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in the MDL No. 2179 (10 md 2179), including any subsequent supplemental or amending complaints thereto. Please see Sworn Statement attached hereto as Exhibit A.

6.

Plaintiff adopts and incorporates, as if restated herein, the Substantive Findings of Facts stated in FINDINGS OF FACT AND CONCLUSIONS OF LAW PHASE ONE. The U.S. District Court for the Eastern District of Louisiana conducted the "Phase 1 Liability Trial" and issued its Findings of Fact and Conclusions of Law governing General Maritime Law Claims and the comparative fault of BP (BP Exploration & Production Inc. and BP America Production Company, but not BP p.l.c.), Transocean (Transocean Holding, LLC, Transocean Deepwater Inc., and Transocean Offshore Deepwater Drilling, Inc., but not Transocean Ltd. or Triton Asset Leasing GmbH), and Halliburton (Halliburton Energy Service, Inc. and Halliburton's Sperry division) for blowout, explosion, and oil spill. The Court ruled as follows:

The Court further finds that BP's conduct was reckless. Transocean's conduct was negligent. Halliburton's conduct was also negligent.

The Court further concludes that the comparative fault of the Defendants, expressed as a percentage of the total liability, is as follows:

3

BP: 67%
Transocean: 30%
Halliburton: 3%

Finally, the Court finds that the conduct of BP's employees was egregious enough that exemplary or punitive damages would be appropriate. *See* FINDINGS OF FACT AND CONCLUSIONS OF LAW PHASE ONE TRIAL Case 2:10-md-2179-CJB-SS Document 13355 Filed Sept. 14, 2014, p. 135-136.

Because certain aspects of the ruling have been appealed, Plaintiff reserves the right to amend this Complaint.

7.

At trial, the Plaintiff states it will be determined whether there was a duty owed by the Defendants to Plaintiff, whether that duty was breached, what injuries were sustained by the Plaintiff, and whether there was a causal connection between the Defendants' conduct and the Plaintiff's injuries. Plaintiff will prove at trial that Defendants did owe a duty to the Plaintiff, breached that duty, and were the cause in fact and proximate cause of the injuries.

8.

Plaintiff brings this case against the following defendants:

a) BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois. This Court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

b) BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas. This Court has personal jurisdiction over BP America because BP America is registered to do business in Louisiana, does business in Louisiana and has a registered agent in Louisiana.

c) BP p.l.c., a British public limited liability company with its corporate headquarters in London, England. This Court has general jurisdiction over BP p.l.c. pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

4

d) Transocean Ltd. ("Transocean Ltd.") is a Swiss corporation that maintains substantial U.S. offices in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Ltd. was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

e) Transocean Offshore Deepwater Horizon Drilling, Inc. ("Transocean Offshore") is a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Offshore is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

f) Transocean Deepwater, Inc. ("Transocean Deepwater"), is a Delaware corporation with its principal place of business in Houston, Texas, and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Deepwater is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

g) Transocean Holdings, LLC ("Transocean Holdings") is a Delaware corporation with its principal place of business in Houston, Texas and that at all pertinent times was doing business in the State of Louisiana and within this district. Transocean Holdings is affiliated with Transocean Ltd. and is a wholly-owned subsidiary of Transocean Offshore. Transocean Holdings is an owner, managing owner, owner *pro hac vice*, and/or operator of the Deepwater Horizon.

h) Halliburton Energy Services, Inc. is a Delaware corporation with its principal place of business in Houston, Texas. Halliburton is registered to do and does business in the State of Louisiana. Halliburton division Sperry Drilling Services (formerly Sperry Sun Drilling Services) was responsible for mudlogging personnel and equipment on the Deepwater Horizon, including downhole drilling tools. Sperry mudlogging personnel were partially responsible for monitoring the well, including mud pit fluid levels, mud flow in and out of the well, mud gas levels, pressure fluctuations. Throughout this Complaint, Cross-Claim, and Third Party Complaint, "Halliburton" shall refer to both Halliburton Energy Services, Inc. and its Sperry division BP Exploration & Production, Inc., BP America Production Company, BP p.l.c., Transocean Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC and Halliburton Energy Services, Inc., are referenced herein collectively as "BP."

5

9.

Jurisdiction and venue exist before this Court. Specific allegations of jurisdiction and venue as set forth in the Master Complaint, including any subsequent supplemental or amending complaints thereto, are adopted and pled herein.

10.

This plaintiff made an initial appearance in this Court as a result of a prior Conditional Transfer Orders and Removal of Actions initiated by one or more Defendants, to which Plaintiff objected. Without waiving rights to transfer back to Plaintiff's choice of forum and in compliance with P.T.O. 60, Plaintiff states as follows.

11.

To the extent Plaintiff's claims were previously filed and removed to Federal Court and/or transferred to the Eastern District of Louisiana, Plaintiff reserves the right to request remand back to the Plaintiff's forum Court, pursuant to the doctrine of *forum non conveniens* and the principals of equity of plaintiff's choice of forum.

12.

Jurisdiction is proper because this Court has jurisdiction under Section 1017(c) of The Oil Pollution Act of 1990, 33 U.S.C. §2701 *et seq.* ("OPA"). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331.

13.

This Court also has jurisdiction over admiralty and maritime claims under 28 U.S.C. §1333.

14.

This Court also has jurisdiction pursuant to 33 U.S.C. §2717, pursuant to the Oil Pollution Act of 1990.

15.

Prosecution of this Action in this district is proper under 28 U.S.C. Sec. 1391 (a)(2) because all of the events or omissions giving rise to the claims asserted herein occurred in this district.

16.

To the extent required by law and/or by consent and/or by stipulation by BP, Plaintiff has presented a demand for a sum certain as required by 33 U.S.C. §§ 2713(a) by the submission of its claims to BP OPA Claims Program, the Deepwater Horizon Court-Supervised Settlement Program and/or the Gulf Coast Claims Facility.  Additionally, Plaintiff submitted a Claim, including a "sum certain" and a description of the claim as well as some supporting documentation to BP as the "responsible party" under OPA via certified mail and e-mail.

17.

BP failed to respond to the claim and did not settle the claim by payment within 90 days of presentment.  Transocean has neither advertised nor established an OPA claims process.

18.

Plaintiff contends that Plaintiff's previous transmissions, communications, and/or claims made by Plaintiff to BP and/or BP's agents/representatives/administrators were sufficient to protect all of Plaintiff's rights in this matter, including the full satisfaction of the "Presentment" requirement under the Oil Pollution Act (OPA) to BP as the "Responsible Party" under OPA. The time period for BP to respond to Plaintiff's Presentment claim has expired, and BP either

denied Plaintiff's claim or otherwise failed to accept or sufficiently respond to Plaintiff's demand. Accordingly, Plaintiff is entitled to file the instant Complaint.

19.

In addition to Plaintiff's other transmissions, communications and/or claims, Plaintiff, out of the abundance of caution, made and/or re-made claim Presentment in accord with 33 USC § 2702(b) and § 2713 by submitting a description of the claim with a "sum certain" demand and with supporting documentation to BP as the "Responsible Party" under OPA via certified mail and electronic transmission. BP either denied Plaintiff's claims or otherwise failed to accept or respond within 90 days of Presentment. Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA. Pursuant to 33 USC § 2713 (t)(I)(A), a lawsuit shall be filed within three (3) years of the date on which the loss and the connection of the loss with the discharge in question are reasonably discoverable with the exercise of due care. SCOBEL MARINE, INC. suffered loss and files this complaint within the statutory period.

20.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances:

SCOBEL MARINE, INC. is a provider of marine transportation in the Gulf Coast area. SCOBEL MARINE, INC. has incurred loss directly due to the oil spill and the stigma that continues to this day to affect all economic activity in the Gulf Coast. The oil spill negatively affected the marine industry, causing work and transportation rates to fall, drastically. As a result, SCOBEL MARINE, INC. has suffered an impairment of earning capacity.

Plaintiff states that as a result of the Spill, Plaintiff is entitled to damages pursuant to § 2702(b)(2)(B), which provides for recovery of damages to real or personal property including "[D]amages for injury to, or economic losses resulting from destruction of, real or personal property, which shall be recoverable by a claimant who owns or leases that property, including the diminution in the value of their property." SCOBEL MARINE, INC.'s damages are in excess of the minimal jurisdictional amount of this Court.

21.

The PLAINTIFF additionally states that the DEFENDANTS were wantonly reckless and had callous disregard for any consequences of their actions to the environment and to the health and safety of the public and that the DEFENDANTS' conduct is so reprehensible as to warrant punitive damages. To wit, the PLAINTIFF states:

(a) Defendants' conduct was oppressive, wanton, malicious, reckless or grossly negligent each time they failed to properly maintain and/or operate the Deepwater Horizon;

(b) Operated the Deepwater Horizon in such a manner the safety and integrity of the vessel and the well were disregarded to save time and money;

(c) Ignored warnings that the integrity of the well, the cementing job, and the vessel were in jeopardy;

(d) Failed to promulgate, implement, and enforce proper rules and regulations to ensure the safe operations of the Deepwater Horizon;

(e) Violated MMS regulations for the safe design and operation of oil wells and drilling rigs in the Gulf of Mexico;

(f) Failed to take appropriate action to avoid or mitigate the accident;

(g) Failed to implement policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

(h) Failed to ensure that the Deepwater Horizon and its equipment were free from defects, properly maintained and/or in proper working order;

(i) Failed to provide appropriate disaster prevention equipment; and,

(j) Failed to have an appropriate emergency spill response plan or readily available spill response equipment.

22.

Plaintiff's claims for relief against each of the Defendants are adopted anew from the Mater Complaint referenced above, including any subsequent supplemental or amendment complaints thereto, and are incorporated and re-alleged herein. Said claims include, but are not limited to, all applicable claims under the general maritime law and the Oil Pollution Act, as well as State Law Claims for Relief, Punitive Damages and Declaratory Relief.

23.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violation of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future. Said damages sustained by Plaintiff and recoverable from the named Defendants include, but are not limited to, the following:

(a) Economic, income, property and compensatory damages;

(b) Punitive and/or exemplary damages;

(c) Pre-judgment and post-judgment interest at the maximum rate allowed by law;

(d) Attorneys' fees, claims preparation expenses, and costs of litigation;

(e) Declaratory and injunctive relief; and,

(f) Such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

24.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and individually, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants, as follows:

(a) Awarding Plaintiff actual damages, including compensatory and consequential damages, in an amount to be determined at trial;

(b) Awarding Plaintiff exemplary or punitive damages;

(c) Awarding Plaintiff pre-judgment and post-judgment interest at the highest lawful rates;

(d) Awarding Plaintiff such costs and disbursements as are incurred in prosecuting this action, including reasonable attorneys' fees and experts' fees; and,

(e) Granting Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for any and all claims pled herein in which a jury trial is applicable by law.

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record via the service method indicated below:

    [  ] U.S. Mail
    [  ] Facsimile
    [X] Electronic Filing
    [  ] Hand Delivery

This 27th day of May, 2016.

*//s// Jason R. Kenney*
_____

Respectfully submitted,

**STAINES & EPPLING**

*//s// Jason R. Kenney*
_____
**JASON R. KENNEY** (#29933)
3500 North Causeway Boulevard
Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Facsimile: (504) 838-0043